United States v. Stoller Mr. Kiss Yes May it please the Court My name is Phillip Kiss I am here on behalf of the defendant at the line, Leo Stoller We filed our brief and in our brief we raised effectively three issues We believe that Mr. Stoller did not get effective assistance of counsel We believe that there was some prosecuting misconduct and we believe as well that Mr. Stoller who voluntarily entered a guilty plea was not competent to enter that plea With respect to the prosecutorial misconduct we believe that at the grand jury the evidence that was presented was not full and complete and if the prosecutor in the case had provided the grand jury with complete evidence Mr. Stoller would have never been even indicted We believe that there was evidence the evidence that was withheld from the grand jury and also admitted by Mr. Chapman that it was not introduced to the grand jury was evidence with respect to the preparation of a bankruptcy petition Why doesn't the guilty plea effectively waive any challenge to irregularities in the indictment? Well we believe that because he was mentally incapable of entering that guilty plea That's a separate issue It seems to me that the guilty plea waives a challenge to the indictment and your main argument is the attack on the guilty plea I understand your position and for the purposes of arguing the brief we would disagree with you. We would say that in fact if he was incapable, if it goes back to that then in fact that would be the first ground but that also brings up whether or not whether or not there was if this case gets remanded and gets reversed and remanded and gets sent back Maybe I can ask it this way. Assuming the validity of the plea there's no basis to challenge the indictment Your challenge is that the plea is invalid, right? Yes With respect to the plea Mr. Stoler has a long history and in fact even in this case the judge acknowledged that Mr. Stoler had dementia and she specifically Judge Kendall said that she thought she went beyond beyond having to raise that issue because she gave him every opportunity and she saw him for a period of years and he was in front of her and she felt that the dementia was not serious enough to affect his assistance of counsel as well as participate in the case However, we believe that that's an incorrect standard and we certainly believe that there are inconsistencies within the district as to what a fair standard is in terms of determining competency and we would suggest that irrespective of how many times Mr. Stoler would have appeared in front of her or how many times she would have seen him there were nevertheless three letters from three doctors that came to the conclusion that Mr. Stoler was incompetent that he had dementia and specifically at least one of the letters indicated that he was incompetent to go to trial He raised that issue with his own attorneys and he asked one of his attorneys to file a motion based on that and the attorney refused to do that and that's part of our last argument with respect to effective assistance of counsel We believe that the letters speak for themselves However, Judge Kendall in her opinion said I'm crediting the doctors with the dementia diagnosis the onset of Alzheimer's that was diagnosed in 2012 which was before his plea However, she still felt that a full competency hearing was not required and that is part of the heart of our argument is that once a judge has letters from people who are qualified to make a decision about whether or not he's incompetent there at a minimum should have been a competency hearing and there wasn't and this judge even acknowledges that maybe he was incompetent but she herself has made a determination that he is competent enough to go to trial excuse me, not go to trial but to make the guilty plea and we would argue that there is certainly nothing in the record that would indicate that Judge Kendall has the ability to make that decision and therefore this should have gone to a competency hearing and my client has maintained before his guilty plea and has maintained subsequently after his guilty plea that he was not able to enter that plea he was not able to enter that plea because he was incompetent currently he is serving a term in federal prison in Terre Haute he's in a medical facility he's in a medical facility for a variety of reasons besides the dementia he also has numerous medical ailments and he was being treated he was being treated for drugs he was taking drugs at the time of the plea and we believe that that also is something that would have been borne out in a competency hearing and would have come to light and could very well have influenced whether or not he was or he wasn't and finally with respect to our last issue of counsel his appointed counsel he had asked his attorney to withdraw his guilty plea his attorney refused we feel that he was coerced into pleading guilty to begin with and all of this comes from a checkbox on a bankruptcy form he was convicted of bankruptcy fraud 40 page bankruptcy petition that was filed it was filed by an attorney it wasn't even filed by him there was one box that indicated that he had no interest in a particular piece of property and that was the basis of the fraud and that decision was made based on his discussion with Mr. Kaplan who was a renowned bankruptcy attorney and he followed his attorney's advice and said that because he had a beneficial interest in a piece of property versus an equitable interest his mother had died and that's how he inherited the property and he only owned that property for one day transferred it to the proper owner based on his mother's wishes and that was determined to be bankruptcy fraud and we would suggest that that decision is inherently wrong and when he told his attorneys that he did not want to plead guilty they pressured him to plead guilty by indicating some sort of leniency that he would get if he did and in fact that's not what occurred and we believe that the decision of the court should be reversed and remanded and that's all we have for our opening statement Thank you Mr. Kiss Mr. Kaplan May it please the court My name is Timothy Chapman and I represent the appellee of the United States The defendant's conviction should be affirmed in its entirety There is no error at all by the district court in this case To start with the competency issue there was no abuse of discretion by the district court in that ordering a competency hearing It's important Well this is a sua sponte argument as I understand it or is that wrong? Was she actually asked to order a competency hearing? The defendant never moved for a competency hearing at any point in the pursuit So we're in the domain of sua sponte competency hearings That's exactly right Your Honor and in fact the defendant's second attorney Mr. Meyer conceded in his motion to withdraw that his plea at the time it was entered was voluntary and it had that it was knowing and intelligently done She conducted a very careful change of plea colloquy that ensured that he was competent that he understood what was happening that he understood the consequences of his plea the charges, the sentencing impact to him and the fact that he was giving up his trial rights and throughout that entire colloquy the defendant answered rationally and gave no indication of incompetence and that was in April of 2012 After that Mr. Murphy very responsibly has the defendant evaluated, has his mental health we didn't know this until later but at the time Mr. Murphy had his mental health evaluated by Dr. Susan Pearlson She evaluated him and concluded, she didn't conclude it that he had suffered from Alzheimer's or any other kind of mental health impairment that might impact his ability to understand the proceedings Instead she concluded that among other things such as post-traumatic stress disorder that he suffered from narcissistic personality disorder and so that's in August of 2012 Do we know if she administered the cognitive tests? Pardon me? Do we know if she administered the cognitive tests? Her report judge is part of the record I don't think she administered any tests but she reviewed his all the medical records that were provided to her What about Dr. Heilbronner? Dr. Heilbronner conducted a very extensive evaluation of the defendant and this... Is this post-plea? Post-plea, so he pleads in April of 2012 August of 2012 Dr. Pearlson evaluates him and says, indicates that he has narcissistic personality disorder Mr. Stoler then gets Mr. Myers as attorney Mr. Murphy moves to withdraw, Mr. Myers takes on the case Within a few weeks of that, the defendant is at a hospital indicating signs of dementia He's at Illinois Masonic Hospital A couple weeks after that, a doctor named Dr. Grunus interviews him claims to evaluate him and then as a result of that, it's just a one-page affidavit essentially without very much detail at all where he says that the defendant is suffering from Alzheimer's and that he wasn't competent to plead guilty In fact, Dr. Grunus, in his very short affidavit goes so far as to say the defendant was not even competent back in 2005 when he committed the offense conduct This is not a medical report? This is a pleading? It's a pleading, it's not a medical report? It's a one-page affidavit by the doctor It was never made part of the record on appeal It was referenced by Dr. Heilbroner and the Alzheimer's portion of it was summarized by the probation officer in a 2013 supplement but the document itself that suggested the lack of competence was never made part of the record on appeal It was filed in February of 2015 after the judgment had been entered onto the docket But between that affidavit and the defendant being in the hospital Mr. Meyer then, again for the second time, very responsibly asks Judge Kendall to not hold the sentencing to adjourn the sentencing so he can have the defendant evaluated for competence. Mr. Meyer very clearly said he intends to have him evaluated for competency with the intent of maybe moving to withdraw his guilty plea Then the defendant goes to Dr. Heilbroner's office and as we argued throughout and the judge ultimately agreed with us at the sentencing, the defendant falsified very severe mental impairments He indicated that he didn't know who the president was he didn't know his address he couldn't sequence numbers he made nonsensical statements when trying to make a four word sentence and Dr. Heilbroner, although he did not use the word malingering Dr. Heilbroner, who was retained by Mr. Meyer not by the government, but by Mr. Meyer Dr. Heilbroner highlighted the fact of the inconsistency of the severity of the symptoms with regard to Mr. Stoler's other abilities and he finds that he was competent at the time he entered his guilty plea. Competence of course is normally evaluated at the present time. You look at the defendant to see if at the present time they can understand the proceedings, communicate with their lawyer and effectively participate in their defense but Dr. Heilbroner looked back and said he was competent. So now post the defendant's hospitalization their own expert is saying he was competent to enter the plea of guilty. Now that's in 2013, in late April of 2013 by September of 2013 the defendant is providing a supplemental interview with the probation office which is described in the supplemental report and he's speaking very fluently rationally and cogently about his life, his finances his son, describes his son's medication he does all kinds of very detailed discussion with probation and then at sentencing of course he's even more cogent and rational and the reason he, you know, pled guilty and how he relies on experts to defend his trademarks in court. So far from any indication that he was actually suffering from a lack of competence. What the record shows is he at all times was very rational and cogent and understood what was happening and I think that one of the other problems with the defendant's argument here is that they seem to, without saying so they seem to equate Alzheimer's with incompetence as if they're indistinguishable things, but they're very different things people as in the Ranone case an individual might have some impact from early stage Alzheimer's and still be fully competent and able to participate in their case. So let me ask you about the guilty plea because like you said your position is it was knowing and voluntary but there were several rights that are required under Rule 11 if the district court didn't ask him about the right to persist in the plea of not guilty to be represented every stage, protected against self-incrimination possible departures prosecution for perjury if the defendant lies under oath. None of those were given. Maybe not with those specific words your honor. I believe there were six different alleged errors the first one, the only one that was not touched at all was the right of the government to use the statements in the plea colloquy in a prosecution for perjury. So he was told directly he had a right to be represented by counsel at every stage. Not directly, but Rule 11 requires a substantial compliance with the admonitions. So here's my suggestion. I think assistant U.S. attorney should have a checklist on all the rights and then when a judge doesn't go through one of the rights we don't even have this issue on appeal. Just a little suggestion. I understand substantial and it was substantially complied with. But why would we even have to deal with this kind of argument if there are rights that haven't been hit when the judge finishes and before it's entered say judge would you mind asking about this this and this and then you have an airtight record. And that's certainly a suggestion that I will try to incorporate into my practice. I think the reason it didn't impact us at all. I think Judge Williams would not only like you to incorporate it but perhaps convey that to the office. I will do that. With regard to the accusations of prosecutorial misconduct I can't say I fully understand the defense argument here but I think what they're saying is because the alleged offense conduct does not constitute an offense to begin with that we acted unethically by not advocating for the defendant in front of the grand jury with that theory. It's not frankly Brady information because it's a legal theory. It's not evidence of innocence but of course as the Supreme Court has said you know or the Seventh Circuit has held clearly and the Supreme Court has held you don't need to present even serious exculpatory evidence before a grand jury and as your Honor indicated the plea of guilty constituted a waiver of any deficiencies in the indictment or the indictment process. In terms of the ineffective assistance to counsel claims those all fall for the same reasons that the other claims fall. There was no error by the district court. The defendant had the full right in the full process that he was entitled to. He is guilty and we ask that the court affirm his conviction. Thank you Mr. Chapman. Mr. Kiss. Your Honors in our brief we raised the argument of the Rule 11 that it was not we don't think it was properly followed and we would agree with the panel that it should be. It should be yes and every. There's no reason why it shouldn't be and it certainly wasn't in Mr. Stoler's case. But with respect to counsel's argument about dementia and relating it to mental health and his inability to understand his guilty plea. First of all as anyone who knows someone who has Alzheimer's one day somebody may be fully cogent. They may be totally rational. They may understand everything that's going on and the next day they won't know who their wife of 30 years was. So whether he was fully rational on any given day is not necessarily relevant. The question is was he competent? Was he competent to make that plea? And the only way to make that determination is to have a hearing. To have an independent hearing where the judge can bring in the experts. But we didn't have that. Which the defense didn't request. The defense requested and it's in our brief. The defense requested his attorney to request that. If Mr. Stoler would have requested it directly from the court in all probability the court would have said Mr. Stoler you've got your counsel here. He speaks for you. You don't speak for yourself. He had that argument with his attorney. He said I want that. And the attorney said no. And the attorney hired a doctor to look at him and that doctor even concedes in his own report that Mr. Stoler had dementia. Strike that. That he had Alzheimer's. Whether or not he actually had full-blown dementia, I don't know. But that doctor's report says it. You were talking about Dr. Grunes? Heil Bruner, I believe. Does the record reflect what if anything he had to base his record on? His observation on Mr. Kiss? In other words was he supplied with any medical records? Can you give us any indication? My understanding is that he was supplied with the medical records of the doctor that had been treating him before that and he was also supplied with that summary sheet the counsel referred to from another doctor. And I don't know personally whether or not Dr. Heil Bruner actually did anything more than review those records but he came to a medical conclusion and that was that Mr. Stoler had Alzheimer's. But importantly I think and the principal part of our brief concerns the decision that Judge Kendall made and our problem with that is that at a minimum there should have been a hearing and the district courts are split as to whether or not a hearing is required. Arguably most don't require a hearing but some of them do and we think that because some of them do and they raise a due process issue as to whether or not you can enter a plea without having such a hearing when the issue was raised and here it was clearly raised we believe warrants that in and of itself warrants sending this case back. Now when the first lawyer Murphy withdrew he withdrew of his own accord at least as I understand the record right 10 days before sentencing Murphy moved to withdraw and that's how Meyer got on the case? That's correct. And Mr. Stoler never asked to fire Meyer, right? Never made a motion before the court to have Meyer withdraw? He never did. No, not his first attorney. So when he asked for this issue of mental incompetence to be raised in a motion there's nothing in the record indicating that Stoler asked the court to fire Meyer because he wouldn't do that? No. Alright, thank you. Thank you. Thank you Mr. Case. Mr. Chapman, Mr. Fendi, case is taken under advisement. Court will stand in recess.